IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| | Bankr. Case No. 12-12821-CSS |
| VERTIS HOLDINGS, INC., *et al.*, | (Jointly Administered) |
| Debtors. | |
| | Bankr. Adv. Pro. No. 12-51176-CSS |
| RIVERSIDE ACQUISITION GROUP LLC d/b/a COM-PAK SERVICES, | |
| | Civ. No. 15-867-RGA |
| Appellant, | |
| v. | |
| VERTIS HOLDINGS, INC., VERTIS, INC., 5 DIGIT PLUS, LLC, and QUAD/GRAPHICS MARKETING, LLC, | |
| Appellees. | |

## MEMORANDUM ORDER

This is an appeal by Riverside from an Order (Adv. D.I. 298)[1] entered by the United States Bankruptcy Court for the District of Delaware, which (i) denied Riverside's Motion for Leave to File a First Amended Verified Complaint (Adv. D.I. 252); (ii) granted the Motion of Defendants Vertis Holdings, Inc., Vertis, Inc., and 5 Digit Plus, LLC for Summary Judgment on all Counts (Adv. D.I. 223); and (iii) granted Defendant Quad/Graphics Marketing, LLC's Motion for Summary Judgment on all Counts (Adv. D.I. 235). For the reasons set forth below, the Order is affirmed.

1. **Background.** In October 2012, Vertis Holdings, Inc., Vertis, Inc., and 5-Digit Plus, LLC ("Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy

---

[1] The docket of the adversary proceeding, captioned *Riverside Acquisition Group LLC v. Vertis Holdings, Inc., et al.,* Adv. Pro. No. 12-51176-CSS (Bankr. D. Del.), is cited herein as "Adv. D.I. ___."

Code, together with a motion seeking an order authorizing and approving the sale of substantially all of the Debtors' assets to Quad. Riverside, as successor in interest to Com-Pak, a lettershop and mail commingling[2] business, objected to the proposed asset sale. On December 6, 2012, the Bankruptcy Court approved the sale.

2. On December 5, 2012, the day before the sale hearing, Riverside filed a complaint against the Debtors and Quad (together, "Defendants") (Adv. D.I. 1), initiating this adversary proceeding. The Complaint alleges that certain employees of Com-Pak and Riverside, while still employed by (and subject to confidentiality and non-competition agreements with) Com-Pak and Riverside, helped a former Com-Pak employee, Donald Clemmer, to establish a stand alone mail commingling business, 5 Digit Plus, LLC. (Complaint at ¶ 23). The Complaint alleges that these employees took all of Riverside's confidential information and intellectual property (the "stolen property") and provided it to the Debtors.[3] (*Id.* at ¶ 24). The Complaint further alleges that the employees used the stolen property to actively solicit Riverside's customers so that 5 Digit would have business with which to commence operations. (*Id.* at ¶ 26). The Complaint seeks relief under the following six causes of action: (1) declaratory judgment (Count I), (2) conversion (Count II), (3) common law aiding and abetting of conversion (Count III), (4) replevin (Count IV), (5) unjust enrichment (Count V), and (6) accounting (Count VI).

3. In June of 2014, following the close of fact discovery, the Debtors and Quad separately moved for summary judgment. (Adv. D.I. 223, 235). On July 16, 2014, Riverside

---

[2] Mail commingling is a process that combines the individual mailings of several different entities to create a larger, consolidated mailing that achieves greater postage savings than could be achieved by such entities with their own individual mailings.

[3] The Complaint defined "Confidential Information" as "customers lists, customers' ordering habits, merchandising plans, projections, product strategies, pricing methods, and mark up structures." (Complaint at ¶ 24). The Complaint defined "Intellectual Property" as "in-house software to convert mail commingling equipment from dual pass to single pass" and its "work[] with the third-party vendor to develop the proprietary software to qualify missed mail into single pool." (*Id.* at ¶ 25).

2

filed its opposition to both summary judgment motions. (*See* Adv. D.I. 250). On July 19, 2014 – nineteen months after initiating the adversary proceeding – Riverside filed a motion for leave to amend the Complaint, seeking to add eleven new counts, including state law claims for misappropriation of trade secrets and unfair competition. (Adv. D.I. 252). After full briefing, on September 11, 2015, the Bankruptcy Court entered its Order denying leave to amend the Complaint and granting summary judgment in favor of Debtors and Quad on all six counts of the original Complaint.

4. On September 24, 2015, Riverside filed a timely Notice of Appeal. (D.I. 1). Following merits briefing (D.I. 13, 14, 15, 17), the Court held oral argument on August 15, 2016. At that hearing, the Court ruled from the bench and affirmed the Bankruptcy Court's denial of leave to amend the Complaint. (D.I. 26 at 75:14-77:13). The Court also affirmed summary judgment in favor of the Debtors and Quad with respect to Counts II-VI of the Complaint. (*Id.* at 72:21-73:4; 73:17-73:19). The Court reserved judgment with respect to the Bankruptcy Court's grant of summary judgment in favor of the Debtors and Quad on Count I of the Complaint. (*Id.* at 73:23-24). Following oral argument, the parties submitted supplemental letter briefs. (D.I. 24, 25).

5. **Jurisdiction and Standard of Review.** This court has jurisdiction to review the Bankruptcy Court's final order pursuant to 28 U.S.C. § 158(a). In reviewing a bankruptcy court's grant of summary judgment, this court applies a plenary, or *de novo*, standard of review to legal determinations. *Biase v. Congress Fin. Corp. (In re Tops Appliance City, Inc.)*, 372 F.3d 510, 513 (3d Cir. 2004); *Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999).

6. Federal Rule of Civil Procedure 56(c)[4] mandates that summary judgment should be granted when "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A disputed fact is "material" if it would affect the outcome of the suit as determined by the substantive law. *See id.* Initially, "the burden of showing that no genuine issue of material fact exists rests . . . on the moving party." *Wilson v. Mt. Tee's,* 855 F. Supp. 679, 681 (D. N.J. 1994). The moving party may discharge this burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 681. The burden then shifts to the nonmoving party, who has to "set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 247-48. The nonmoving party must show more than the "mere existence of a scintilla of evidence" as "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Elmer v. Tenneco Resins, Inc.,* 698 F. Supp. 535, 538 (D. Del. 1988) (citing *Liberty Lobby,* 477 U.S. at 252). The nonmoving party "must point to actual evidence in the record on which a jury could decide an issue of fact its way." *El v. SE Pa. Transp. Auth. (SEPTA),* 479 F.3d 232, 238 (3d Cir. 2007).

7. In deciding a motion for summary judgment, a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor. *Gray v. York Newspapers, Inc.,* 957 F.2d 1070, 1078 (3d Cir. 1992). The court's role at this stage in the litigation is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* (citing *Liberty Lobby,* 477 U.S. at 249).

---

[4] Federal Rule of Civil Procedure 56(c) is made applicable to the adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056.

4

8. **Discussion.** Count I of the Complaint, which was filed prior to the proposed sale, makes the following allegations: Riverside owns all right, title, and interest in the stolen property at all relevant times (*see* Complaint at ¶ 33); Debtors do not have any right, title, or interest in the stolen property and cannot transfer same to Quad or any other party without Riverside's prior written consent (*id.* at ¶ 34); at no time did Riverside consent to its former employees' unlawful transfer of the stolen property, nor did Debtors seek authorization from Riverside to transfer same (*id.* at ¶ 35); the stolen property is not property of the Debtors' estates (*id.* at ¶ 36); and the Bankruptcy Court therefore lacks jurisdiction over the stolen property (*id.* at ¶ 37). Riverside further sought a declaratory judgment: (i) recognizing its exclusive ownership of the stolen property, (ii) determining the stolen property is not property of Debtors' estates, and (iii) determining that the former employees unlawfully transferred the stolen property to the Debtors. (*See id.* at ¶ 38). Riverside further sought permanent injunctive relief requiring Debtors and Quad, should they come into possession of the stolen property by virtue of the asset sale, to cease and desist from all use of the stolen property and return it to Riverside, along with any proceeds thereof. (*See id.* at ¶ 39).

### A. Riverside's Opening Brief Failed to Address the Bankruptcy Court's Summary Judgment Dismissal of Count I

9. Riverside's opening brief on appeal focused almost entirely on facts alleged in the Complaint and summary judgment pleadings that support Riverside's common law theories of misappropriation of trade secrets and unfair competition. (*See* D.I. 13 at 30-50). Those causes of action were not asserted in the Complaint, and the Court has already affirmed the Bankruptcy Court's denial of Riverside's motion for leave to amend the Complaint to add those claims. Apart from its arguments that the Bankruptcy Court abused its discretion in denying leave to amend, Riverside's opening brief focuses entirely on its arguments that (1) there are material issues of fact upon which Defendants may be found liable for misappropriation of trade secrets

5

and unfair competition, and (2) Riverside's failure to explicitly label those claims "misappropriation of trade secrets" or "unfair competition" should not have precluded their consideration at, and survival of, summary judgment. Rather, Riverside contends that the Bankruptcy Court should have deemed the Complaint constructively amended to include those additional claims pursuant to Fed. R. Civ. P. 54(c) or 15(b)(2). (*See id.* at 46-59). However, the opening brief does not contest the Bankruptcy Court's ruling with respect to the original six counts of the Complaint. Defendants argue that, having addressed only the alleged misappropriation of trade secret and unfair competition claims in its opening brief, Riverside has abandoned its appeal of summary judgment dismissal of all six counts in the original Complaint. (*See* D.I. 14 at 5).

10. The Court agrees with Defendants. Riverside's opening brief did not contest the Bankruptcy Court's summary judgment ruling on Count I, or any other count, of the Complaint. (*See* D.I. 13). On reply, Riverside argues that its opening brief cited *Remington Rand Corp.-Delaware v. Business Sys., Inc.,* 830 F.2d 1260 (3d Cir. 1987), a case that "affirmed the types of relief sought in Counts I, V, and VI of the Complaint" (*see* D.I. 17 at 7), and thus its appeal with respect to Counts I, V, and VI was not abandoned. The Court rejects this argument. *See Laborers' Int'l Union v. Foster Wheeler Corp.,* 26 F.3d 375, 398 (3d Cir. 1994) ("[a]n issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court") (internal citations and quotations omitted). Because Riverside's opening brief failed to address the Bankruptcy Court's grant of summary judgment on Count I of the Complaint, its Order must be affirmed.

### B. The Relief Sought in Count I of the Complaint is Moot

11. Even if Riverside had contested the Bankruptcy Court's summary judgment ruling with respect to Count I of the Complaint, the Bankruptcy Court correctly found that the request

6

for declaratory relief and injunctive relief in Count I was moot. The Debtors argued that Count I was moot because "there is absolutely no evidence that [Debtors] are in possession of anything that arguably belonged to [Riverside] because [Debtors] sold [the] relevant assets to Quad pursuant to this Court's order." (Adv. D.I. 254 at 33). Quad similarly argued that Riverside "can point to no evidence that Quad ever possessed or used any of [Riverside]'s alleged property, and that [Riverside] has conceded that Riverside itself does not even own much of the alleged property supposedly at issue." (Adv. D.I. 258 at 35). In its opposition to both summary judgment motions, Riverside argued that Count I encompassed "all potential claims against [Debtors] and Quad." (*See* Adv. D.I. 250 at 7). The Debtors referred to this as "an audacious combination of Monday-morning-quarterbacking and wishful thinking," noting that Riverside was arguing that the declaratory judgment count included each of the claims in its proposed amended complaint. (*See* Adv. D.I. 254 at 33). The Bankruptcy Court ultimately agreed, relying on the findings made in connection with Riverside's state law conversion claim (Count II) in finding that the relief sought in Count I was moot. (Adv. D.I. 297 at 95).

12. As the Bankruptcy Court correctly stated, the elements of a conversion claim under New Jersey law are the following: (1) defendants wrongfully exercised dominion and control over plaintiff's property; (2) the property was taken without authorization; (3) the property was taken to the exclusion of the owner's rights to it. (*See* Adv. D.I. 297 at 84 (citing *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 753 (D.N.J. 2013)). The Complaint alleged that Defendants had "improperly and unlawfully exercised dominion and control over some or all of the [stolen property] . . . and have converted [it]." (Complaint at ¶¶ 41, 42). In their summary judgment motions, Defendants argued that Riverside's conversion claim was legally and factually insufficient because: (1) Riverside's case was premised on the alleged copying of intangible computer data, which cannot form the basis of conversion under New Jersey law, and

7

(2) even assuming the claim was premised on tangible property, it would still fail because Riverside is still in possession of its property. (Adv. D.I. 224 at 35-40). Conversely, Riverside argued that its claim was not based solely on an allegation that intangible property was converted, but was based in part on the conversion of its "customer lists, customers' ordering habits, merchandising plans, projections, product strategies, pricing methods and mark up structures." (Complaint at ¶ 24).

13.     Upon careful examination of the specific items of tangible and intangible property with respect to which Riverside alleged conversion, the Bankruptcy Court concluded there was no genuine issue of material fact as to the nature of the property at issue and that the record was devoid of any evidence beyond a "mere scintilla" that Defendants took any items that would constitute tangible property for purposes of state law conversion. (*See* Adv. D.I. 297 at 84-88). Most of the software at issue was not Riverside's property.[5] The Bankruptcy Court did, however, find sufficient evidence showing Riverside's ownership of certain other proprietary information, including customer lists, pricing lists, and certain "programming scripts" for use in connection with certain Pitney Bowes mail sorters.[6] However, based on the record, the Bankruptcy Court found that Riverside was still in possession of all of the property at issue, and thus a claim for conversion under New Jersey law,[7] which requires that the property was taken to the exclusion of the owner's rights to it, could not be supported by the record. (*Id.* at 89-90).

---

[5] *See* Adv. D.I. 297 at 89 (noting Riverside's admission that it licensed most of the software at issue from third parties).

[6] *See* Adv. D.I. 297 at 6. The programming scripts were written in Visual Basic programming language by a consultant to Com-Pak. Deposition testimony from a Pitney Bowes software engineer established that the programming scripts interacted with Pitney Bowes software in a limited sense and did not alter the Pitney Bowes software in any way. *See id.* at 6-7; 88-89.

[7] *See* Adv. D.I. 297 at 25 (citing deposition testimony confirming that Riverside retained soft copies of all the stolen property which was still available for Riverside's use).

8

14. With respect to the alleged use of the stolen property, Riverside failed to cite any evidence of Quad's possession and/or use of its property in its opposition to the summary judgment motions. As the Bankruptcy Court noted, Riverside merely stated that "there is a genuine issue of material fact that [Debtors] are liable for conversion and replevin . . ." and the "[Debtors] possessed and used" Riverside's property – failing to even mention Quad in its discussion. (*See* Adv. D.I. 297 at 91). Moreover, deposition testimony established that: Quad did not receive the programming scripts as a result of the purchase of the Debtors' assets;[8] Quad licensed its own software prior to the purchase of the Debtors' assets, did not renew 5 Digit's license following the asset sale, and instead continued to use its own;[9] 5 Digit separately purchased and operated Pitney Bowes sorters that were different models than the ones used by Com-Pak; and Quad, as a result of the purchase of substantially all of the Debtors' assets, operates the Pitney Bowes sorters 5 Digit previously operated."[10] Based on its careful examination of the factual allegations contained in the Complaint and the evidence cited in support, the Bankruptcy Court found: "Quad is simply not in possession of [Riverside]'s property, intangible or not." (Adv. D.I. 297 at 92).

15. Turning to Riverside's request for declaratory and injunctive relief in Count I, the Bankruptcy Court stated:

> As explained in detail in connection with Riverside's conversion claim [Count II], [Riverside] failed to provide sufficient facts beyond a mere scintilla as to Quad's possession/use of [Riverside's] property. With respect to [Debtors], [Riverside] has failed to raise a genuine issue of material fact with respect to whether

---

[8] *See* Adv. D.I. 297 at 92 (citing *Declaration of Kevin T. Sullivan in Support of Defendant Quad/Graphics Marketing LLC's Motion for Summary Judgment on All Counts* (Adv. D.I. 237) ("Sullivan Decl.") at Ex. BB (4/28/14 Deposition of Carlos Arias on behalf of Quad pursuant to Fed. R. Civ. P. 30(b)(6) ("Arias Depo.") at 102:4-20, 103:22-107:24, 169:15-171:4, 188:23-189:19, 191:13-192:14, 224:19-227:4); Ex. LL (Arias Depo. Ex. CA-4); Ex. KK (Arias Depo. Ex. CA-5) at 6-7).

[9] *Id.* (citing Arias Depo. at 116:12-117:10, 145:10-24).

[10] *Id.* (citing Adv. D.I. 236 at 17; Sullivan Decl. at Ex. Y).

9

>[Debtors] remain in possession of any of [Riverside]'s property after the sale of
>its assets to Quad.

(*See* Adv. D.I. 297 at 95-96). Accordingly, the Bankruptcy Court held, Riverside's "claim for a declaratory judgment is moot." (*Id.*)

16. The Court agrees that the request for request for declaratory and injunctive relief in Count I is moot. A request for relief is moot if "it is of no practical consequence, academic, or hypothetical." *See* Black's Law Dictionary (7th ed. 1999). The declaratory relief requested in Count I of the Complaint boils down to a request for an ownership determination of the stolen property. In connection with its summary judgment ruling on the conversion claim, the Bankruptcy Court conducted a thorough examination of the allegations in the Complaint and the evidence cited in support of the Defendants' alleged possession and/or use of the stolen property, and found that Riverside failed to provide sufficient facts beyond a mere scintilla as to Quad's possession/use of Riverside's property and failed to raise a genuine issue of material fact with respect to whether Debtors remain in possession of any of Riverside's property. Because the Defendants do not possess and do not claim to own those assets, granting the request for declaratory relief regarding ownership is of no practical significance. Additionally, the injunctive relief in Count I was prospective in nature, *i.e.*, the turnover of the stolen property (or proceeds thereof) *in the event that* Quad acquired possession and/or use of the stolen property by virtue of the sale. Having found that Riverside "failed to provide sufficient facts beyond a mere scintilla as to Quad's possession/or use of Riverside's property," granting the request for declaratory relief is also of no practical consequence. The Court finds no error in the Bankruptcy Court's conclusion that the relief requested in Count I was moot.

### C. The Bankruptcy Court Did Not Err by Failing to Consider Unpled Causes of Action or Constructively Amending the Complaint

17. Riverside argues on appeal that the Bankruptcy Court abused its discretion in denying it leave to amend the Complaint to add causes of action for misappropriation of trade secrets and unfair competition. Alternatively, Riverside argues that amendment of the Complaint was not necessary in the first place because causes of action for misappropriation of trade secrets and unfair competition were implicit in its Complaint. (*See* D.I. 13 at 51). Riverside contends that the Complaint contained all of the elements of causes of action for unfair competition and misappropriation of trade secrets under New Jersey law, and its failure to "label" such claims accordingly should not have precluded their consideration by the Bankruptcy Court in granting summary judgment. (*See* D.I. 26 at 14:23-15:2 ("I am saying that the declaratory judgment . . . cause of action, your Honor, which incorporated all of the factual allegations of the [C]omplaint adequately set forth the facts that would support claims for unfair competition and trade secret violations")). Thus, Riverside argues that the Bankruptcy Court should have granted Riverside leave to amend, or alternatively, deemed the Complaint constructively amended to include the additional causes of action pursuant to Fed. R. Civ. P. 54(c) or 15(b). (*See.* D.I. 13 at 46-59).

18. The Complaint alleged the following facts: Riverside and former employees entered into non-competition agreements (Complaint at ¶ 19); the former employees' conduct violated their non-competition agreements (*id.* at ¶ 21); the former employees secretly worked with Clemmer to form 5 Digit and solicit business for 5 Digit (*id.* at ¶ 23); the former employees took Riverside's stolen property, which gave Debtors an unfair economic advantage and allowed them to undercut Riverside's prices and compete unfairly (*id.* at ¶ 24); and the former employees took the stolen property and provided it to Debtors (*id.* at ¶ 25). Riverside argues that evidence presented on summary judgment, viewed in the light most favorable to Riverside, would permit a

11

reasonable trier of fact to find liability under theories of unfair competition and trade secret violations, and it was entitled to proceed on those two counts.

    19.    In support of its argument that the Bankruptcy Court should have deemed the Complaint constructively amended to include these additional causes of action, Riverside cites Fed. R. Civ. P. 54(c), which provides that every final judgment should grant the relief to which the party is entitled, even if it is not demanded in the pleadings. (*See* D.I. 13 at 47). Riverside argues that district courts frequently "grant relief based on theories of recovery different from those theories set forth in the pleadings." (*See id.* (citing *Evans Prod. Co. v. West Am. Ins. Co.*, 736 F.2d 920, 923 (3d Cir. 1984)). Riverside argues that, so long as a particular theory of relief is "squarely presented and litigated by the parties at some stage or other of the proceedings," granting relief on such a theory is consistent with "fundamental notions of due process and fair play." (*Id.*). Defendants dispute this contention, arguing that Rule 54(c) applies to relief afforded on final judgment and was not designed to allow plaintiffs to recover for claims they never alleged. (*See* D.I. 14 at 44 (citing *USX Corp. v. Barnhart*, 395 F.3d 161, 165-66 (3d Cir. 2004)). The Court agrees that Rule 54(c) has no application here.

    20.    Riverside also invokes Fed. R. Civ. P. 15(b)(2),[11] which permits constructive amendment of a complaint during and after trial when an issue not raised by the pleadings is tried by the parties' express or implied consent. (*See* D.I. 13 at 47-49). Riverside concedes that "[t]he Third Circuit has not yet addressed the issue of whether Rule 15(b) applies at the summary judgment stage of a case to permit a court to deem a complaint constructively amended to include unpled issues addressed on the motions." (*Id.* at 47 (citing *McCree v. Southeastern Penn. Transp. Authority*, 2009 WL 166660, *9 (E.D. Pa. Jan. 22, 2009))). Notwithstanding the

---

[11] Federal Rule of Civil Procedure 15(b) is made applicable to the adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7015.

lack of clear authority on this issue, Riverside argues that the Bankruptcy Court should have deemed the Complaint constructively amended, consistent with the reasoning set forth in *McCree*. In *McCree,* a district court applied Rule 15(b) to include an unpled claim "since the parties were on notice of the claim for over a year, litigated the claim after the Plaintiff asserted it, and addressed the merits of the claim in their summary judgment briefing." *See McCree*, 2009 WL 166660, at *10.

21. Conversely, Defendants argue that Riverside never raised Rule 15(b)(2) in opposition to summary judgment, and its attempt to raise the issue on appeal is improper. (*See* D.I. 14 at 43-44 (citing *Tri-M Grp., LLC v. Sharp*, 638 F.3d 406, 415-16 (3d Cir. 2011)). Defendants further argue that in cases where courts have applied Rule 15(b) at the summary judgment stage, the cause of action has been actively litigated and effectively briefed on summary judgment such that there has been, as Rule 15(b) indicates, "implied consent" to such amendment. (*See.* D.I. 14 at 43). Defendants argue that there has been no such consent here, and none of the circumstances justifying constructive amendment in *McCree* occurred in this case. Here, the parties were not on notice of the misappropriation of trade secrets and unfair competition until the motion seeking leave to amend was filed, nineteen months after the adversary proceeding was initiated, and the parties did not litigate those claims or address the merits of the claims in their summary judgment briefing. (*See id.*).

22. The Court agrees with Defendants. The Bankruptcy Court did not err in failing to discern, *sua sponte*, implied causes of action in the Complaint or in failing to deem the Complaint constructively amended to include those causes of action. Moreover, Riverside failed to raise any argument before the Bankruptcy Court that the Complaint should be amended pursuant to Rule 15(b)(2). The Court will thus not consider that argument here. (*See* D.I. 24 (conceding that Rule 15(b)(2) was not cited below)). Even if the argument had been raised

below, Rule 15(b)(2) is a rule which, on its face, applies to amendments at trial. The Third Circuit construes it as such,[12] and the Third Circuit has not yet endorsed its application at the summary judgment stage. *See Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 676 F.3d 318, 326-28 & n.7 (3d Cir. 2012) (noting the circuit split but declining to rule on the issue). Even if Third Circuit law permitted such constructive amendment at the summary judgment stage, here the trade secret and unfair competition claims were not tried by consent or even litigated. This case is more akin to *Posey v. NJR Clean Energy Ventures Corp.*, 2015 WL 6561236, at *2 n.1 (D.N.J. Oct. 29, 2016), in which the court declined to apply Rule 15(b) at the summary judgment stage where the defendant "explicitly opposed both amending the Complaint to incorporate Plaintiff's new legal theories and addressing the theories at the summary judgment stage." *See id.* at *2 ("Because Defendant has not given implied consent, Rule 15(b)(2) cannot apply.")

23. **Conclusion.** Riverside failed to address the Bankruptcy Court's grant of summary judgment on Count I, and thus its appeal of the grant of summary judgment on Count I was waived. Moreover, the relief sought by Riverside in Count I of the Complaint is moot. Finally, the Bankruptcy Court was not required to look for unpled causes of action on summary judgment or *sua sponte* deem the Complaint constructively amended, especially where Riverside failed to raise the Rule 15(b)(2) issue below. Even if Riverside had raised this argument, and the Third Circuit permitted the application of Rule 15(b)(2) at the summary judgment stage, such relief would not be justified in this case where the parties have not litigated or tried issues on consent. For the reasons above (any of which, alone, would be sufficient), the grant of summary judgment on Count I must be affirmed.

---

[12] When analyzing whether there has been implied consent, courts look to "whether the parties recognized that the unpleaded issue entered the case at trial, whether the evidence that supports the unpleaded issue was introduced at trial without objection, and whether a finding of trial by consent prejudiced the opposing party's opportunity to respond." *Addie v. Kjaer*, 737 F.3d 854, 867 (3d Cir. 2013) (citation and internal quotations omitted).

NOW, THEREFORE, it is HEREBY ORDERED that, for the reasons set forth herein and on the record at the August 15, 2016, hearing, the Bankruptcy Court's Order (Adv. D.I. 298) is **AFFIRMED**.

Entered this 30 day of November, 2016.

*/s/ Richard G. Andrews*
United States District Judge